ROBERTSON v. CHRISTENSEN, Judge of District Court of Carbon County et al.

No. 4035.   Decided September 1, 1923.   (218 Pac. 122.)

1.  JURY—RIGHT TO JURY TRIAL IN ACTION OF UNLAWFUL DETAINER HELD NOT WAIVED BECAUSE JURY FEE WAS NOT PAID AT TIME OF DEMAND.   Under Comp. Laws 1917, § 6782, entitling either party in unlawful detainer to a jury trial on demand and payment of the required fee at that time, where counsel, when setting the case for trial, announced that defendant desired a jury trial and that the fee would be paid at the time of trial, to which neither the court nor plaintiff's counsel objected, *held*, that there had been no waiver of defendant's right.

2.  MANDAMUS—LITIGANT NOT ENTIRELY BLAMELESS HELD NOT ENTITLED TO COSTS IN PROCEEDING TO ENFORCE RIGHT TO JURY TRIAL.   Where plaintiff, seeking a writ of mandate requiring the granting to him of a jury trial in another action of unlawful detainer then pending against him, was not wholly excusable in his failure to pay the required fee at the time of making his demand, *held*, that he was not entitled to recover costs.

Proceeding by J. O. Robertson against *George Christensen,* Judge of the District Court of Carbon County, and C. A. Wherry, for a writ of mandate.

RELIEF GRANTED.

*B. W. Dalton,* of Price, for plaintiff.

*L. A. McGee,* of Price, for defendants.

PER CURIAM.

Plaintiff seeks a mandate against the district court of

Carbon county requiring that court to grant a jury trial in an unlawful detainer proceeding therein pending. In that action C. A. Wherry is plaintiff and J. O. Robertson, plaintiff here, is defendant. The affidavit praying for the writ is made by B. W. Dalton, attorney for Robertson.

Certain minutes of the district court are stipulated to contain a true record of the orders made by the court in the case and are admitted as facts to be considered by this court.

To the affidavit defendants have demurred. Three grounds of demurrer are specified: (1) That the affidavit does not state sufficient facts to constitute a cause of action or justify the issuance of a writ of mandate; (2) that this court has no jurisdiction of the subject-matter of the action; and (3) that there is defect and misjoinder of parties defendant. The demurrer necessarily admits the truthfulness of the statements found in the affidavit and also in the minutes of the court stipulated to be a part of the record. The arguments, however, all go to the one question: That the facts stated do not entitle plaintiff to the remedy sought.

The facts appearing from the affidavit and the minutes of the court are somewhat unusual. None of the former decisions of this court gives much aid in determining the rights of the parties.

In a paper filed by the defendant Judge, called a statement of facts, it is said:

"That the said action of C. A. Wherry against J. O. Robertson was on the 6th day of June, 1923, set for trial June 11, 1923, at 10 o'clock a. m., and on July 23, 1923, was set for trial July 30, 1923, at 10 o'clock a. m., and that on the 30th day of July, 1923, the setting for that date was set aside and the case reset for August 8, 1923, at 10 o'clock a. m. All of the said settings were made as jury trials, for the reason that defendant stated that he wanted a jury trial, but that the jury fee was not paid by the defendant at any time prior to the said setting, nor until August 8, 1923, when attorney for the defendant demanded a jury and paid the jury fee.

"That on the 30th day of July, 1923, when the said case was set as a jury trial, and when counsel for the defendant stated that he would pay the jury fee, at the time of the trial, neither the court nor the attorney for the plaintiff made any objection."

The language found in the brief filed by the same defend-

ant is substantially the same as contained in the paper designated statement of facts.

In the affidavit filed by plaintiff it is said:

"That on the 30th day of July, A. D. 1923, Thomas H. Burton, acting judge for the Seventh judicial district in and for Carbon county, state of Utah, set the criminal calendar and the civil cases in which a jury was required or demanded. That at that time L. A. McGee, attorney for C. A. Wherry was present. Affiant was present and represented J. O. Robertson, and advised the court, orally in open court, that Mr. J. O. Robertson was out of town and could not be reached at that time; that affiant demanded a jury trial of the cause of *C. A. Wherry* v. *J. O. Robertson*, and that at the time of the trial of said cause, to wit, on the 8th day of August, 1923, Mr. J. O. Robertson would be present and pay the jury fee of $5.00. The court at that time agreed to this arrangement and also the attorney for C. A. Wherry agreed to the same, and the cause was duly and regularly set for trial, by jury, on the 8th day of August, A. D. 1923, or as soon thereafter as the criminal calendar was cleared or the criminal cases set tried; that some of the misdemeanor cases and one of the felony cases were tried; that on the 6th day of August, A. D. 1923, and before all the misdemeanor and felony cases were tried, the said Thomas H. Burton and the defendant George Christensen, Judges, upon their own motion, vacated the settings theretofore made and discharged the jury, and did, then and there, upon their own motion, and against the will and without the consent of the said J. O. Robertson vacate the setting of the *C. A. Wherry* v. *J. O. Robertson* cause, and discharged the jury."

Both parties have argued the application on the theory that the only question presented by the affidavit and demurrer is whether or not the "actions of defendant J. O. Robertson constituted a waiver of a demand for a jury."

The defendant in the unlawful detainer action had a legal right to have the issues in that case tried by jury if he complied with the provisions of the statute entitling him to a jury trial. By Comp. Laws Utah 1917, § 6782, it is provided that either party to an action of the nature of the one in controversy who desires a jury trial of the same, or any issue thereof, must demand it, either by written notice to the clerk, prior to the time of setting the action for trial, or within such reasonable time thereafter as the court may order, or orally in open court at the time of such setting, and must at the same time deposit with the clerk the sum of $5. It is the

duty of the court when any litigant has complied with the provisions of this statute to have a jury in attendance at the time set for the trial.

It is admitted that counsel for Robertson stated in open court that he desired a jury trial and that the jury fee would be paid at the date of trial. The statement in the affidavit is to the effect that the court and counsel for Wherry agreed to that arrangement, and that the case was actually set as a jury case. Under the circumstances and the facts as they appear, we do not think Robertson waived his right to have the issues tried by a jury. He stated in open court that he desired a jury and stated also that the fee would be paid, and in his affidavit he states that that was agreed to by the court, and that the case was actually set as a jury case. The language found in the statement of facts by the defendant Judge is that "neither the court nor the attorney for the plaintiff made any objection." As stated elsewhere, Robertson had a legal right, unless he waived that right, to have a jury trial in the case pending in the district court. We do not think he waived that right.

We are satisfied that it will not be necessary to issue a writ in this case; that the district court will adopt the views of this court when advised of the same. The writ will not therefore issue unless and until a future application is made in which it is made to appear that the court has refused to adopt the views of this court. The plaintiff Robertson is not wholly excusable in failing to pay the jury fee, and for that reason no costs will be taxed against either defendant.